**WO**                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard William Claxton, et al., | ) | No. CV 11-934-PHX-GMS (ECV) |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Charles L. Ryan, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

On May 10, 2011, Plaintiffs Richard William Claxton, Ronald Dale Birdwell, Jimmy Mamoth, Wayne Prince, Jr., and Thomas James Killinger, who are confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).   None of the Plaintiffs has filed an Application to Proceed *In Forma Pauperis* or paid the filing fee.   The Court will sever the action into separate cases.

The Court will also deny Plaintiffs' Motion for Class Action Certification (Doc. 2), Motion to Appoint Expert Witness (Doc. 3), Motion to Appoint Counsel (Doc. 4), and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6).

**I.      Severance of Action into Separate Cases**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court, on just terms, to sever claims. See <u>Desert</u>

Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of *pro se* multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are inmates proceeding *pro se*, and, although each Plaintiff may appear on his own behalf, none may appear as an attorney for the other. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs. However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have, at best, very limited opportunities to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Accordingly, continued administration of the lawsuit by the inmates becomes virtually impossible due to the regulation of inmate-to-inmate correspondence. Moreover, inmates are subject to transfer to a different facility at any time or may be released.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. Allowing each Plaintiff to proceed separately would overcome the unfairness created by these circumstances. Therefore, the Court will sever this action into five individual cases and a new case number will be assigned to each individual Plaintiff. A copy of the Complaint (Doc. 1) and this Order will be placed in each new case.

The individual Plaintiffs must proceed independently from this point on and will not be regarded as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case

- 2 -

must be signed by the individual Plaintiff, or they will be stricken.

**II.    Motions**

  **A.    Class Certification**

   Plaintiffs have filed a Motion for Class Certification. None of the Plaintiffs are attorneys. Although each Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other persons in a purported class action); <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir.1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." <u>Huddleston v. Duckworth</u>, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

   Further, Plaintiffs have not made a showing that the four prerequisites to a class action under Rule 23(a) of the Federal Rules of Civil Procedure *i.e.*, numerosity, commonality, typicality, and adequacy of representation, have been met in this case. The Court will therefore deny the Motion for Class Certification.

  **B.    Expert Witness**

   In their "Motion for Appointment of Expert Witness," Plaintiffs request that the Court appoint an expert witness to evaluate scientific evidence on the health effects of toxic mold and the concentration levels of toxic mold in the Yuma-Cheyenne prison. Plaintiffs' request is essentially a request for discovery and is therefore premature. Defendants have not yet been served or filed an answer and the Court therefore cannot evaluate discovery requests at this early juncture. The Court will deny the Motion without prejudice.

. . .

### C.  Appointment of Counsel

There is no constitutional right to the appointment of counsel in a civil case.  See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  Id.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiffs are in no different position than many *pro se* prisoner litigants.  The Court will therefore deny without prejudice Plaintiffs' Motion for Appointment of Counsel.

### D.  Motion for Temporary Restraining Order

Temporary restraining orders are governed by Rule 65(b) of the Federal Rules of Civil Procedure.  The mailing certificate on Plaintiffs' motion for a temporary restraining order does not indicate that the motion was served on Defendants.  As a result, Plaintiffs appear to seek a temporary restraining order without notice under Rule 65(b) of the Federal Rules of Civil Procedure.  The Court may *not* grant a temporary restraining order without notice unless the applicant certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons that notice should not be required.  Fed. R. Civ.P. 65(b). Plaintiffs have not satisfied this requirement.  No reason has been offered by Plaintiffs to forgo notice to the adverse party.  Accordingly, Plaintiffs' motion for a temporary restraining order will be denied.

- 4 -

1    Even if Plaintiffs had met the procedural requirements for issuing a temporary

2    restraining order, Plaintiffs have not demonstrated that injunctive relief is appropriate in this

3    case.  Whether to grant or deny a motion for a temporary restraining order is within the

4    Court's discretion.  See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir.

5    1979).  "The standard for issuing a temporary restraining order is identical to the standard

6    for issuing a preliminary injunction."    Whitman v. Hawaiian Tug & Barge

7    Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp. 2d 1225, 1228 (D. Haw.

8    1998).  To obtain a preliminary injunction, the moving party must show "that he is likely to

9    succeed on the merits, that he is likely to suffer irreparable harm in the absence of

10   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

11   the public interest."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374

12   (2008).  The moving party has the burden of proof on each element of the test.

13   Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.

14   2000).

15   In this case, Plaintiffs have not made a specific request for injunctive relief.  Plaintiffs

16   state only that they are seeking an injunction, they have not specified precisely what they

17   want the Court to prohibit Defendants from doing.  Moreover, Plaintiffs' claims for relief

18   involve their conditions of confinement and long term exposure to overcrowded and

19   unsanitary conditions.  Plaintiffs have not demonstrated an immediate, irreparable harm as

20   required to obtain injunctive relief.  The Court will deny the Motion for Temporary

21   Restraining Order and Preliminary Injunction.

22   **III.    Warnings**

23   **A.    Address Changes**

24   Plaintiffs must file and serve a notice of a change of address in accordance with Rule

25   83.3(d) of the Local Rules of Civil Procedure.  Plaintiffs must not include a motion for other

26   relief with a notice of change of address.  Failure to comply may result in dismissal of their

27   action.

28

**B.     Copies**

Plaintiffs must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**IT IS ORDERED**:

(1)     Plaintiffs' Motion for Class Certification (Doc. 2) is **denied**.

(2)     Plaintiffs' Motion to Appoint Expert Witness (Doc. 3) is **denied**.

(3)     Plaintiffs' Motion to Appoint Counsel (Doc. 4) is **denied**.

(4)     Plaintiff's Motion for Temporary Restraining Order an Preliminary Injunction (Doc. 6) is **denied**.

(5)     This action is **severed** into 5 individual actions, one for each of the Plaintiffs: Richard William Claxton, Ronald Dale Birdwell, Jimmy Mamoth, Wayne Prince, Jr., and Thomas James Killinger.  The Clerk of Court **must assign** a new case number to each new individual action.

(6)     The Clerk of Court **must file** a copy of the Complaint (Doc. 1) and this Order in each new case.

(7)     The individual Plaintiffs **must proceed separately** from this point forward and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(8)     This action is **dismissed without prejudice.**

(9)     The Clerk of Court **must close** this case and **enter judgment** accordingly.

DATED this 27th day of June, 2011.

A. Murray Snow
G. Murray Snow
United States District Judge